**Shearn MOODY, Jr., Plaintiff,**

**v.**

**DRUG ENFORCEMENT ADMINISTRATION, Defendant.**

**Civ. A. No. 83–2582.**

United States District Court, District of Columbia.

Aug. 15, 1984.

William A. Dobrovir, Dobrovir, Oakes & Gebhardt, Washington, D.C., for plaintiff.

Deborah A. Robinson, Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

BARRINGTON D. PARKER, District Judge.

This proceeding arises from a document request of the plaintiff addressed to the Drug Enforcement Administration (DEA) in April 1981, under the Freedom of Information Act (FOIA), 5 U.S.C. § 552(a)(4)(B) and the Privacy Act, 5 U.S.C. § 552a(g)(1)(B). Shearn Moody seeks copies of all agency documents naming or relating to him since January 1, 1970. While the DEA voluntarily released to the plain-tiff several pages of materials, they contained deletions pursuant to FOIA exemption (b)(2) and exemptions (b)(7)(C), (D) and (F). It is those deletions which have resulted in this litigation.

Following an *in camera* review and inspection of the several pages, together with consideration of an affidavit of Thomas H. Wingate, a DEA Freedom of Information Specialist, the Court found that the DEA was justified in withholding and deleting certain items subject to the (b)(2) exemption claim. Accordingly, on June 18, 1984 summary judgment was entered for the defendant as to that claimed exemption. A ruling was deferred on the defendant's motion for summary judgment with respect to the remaining deletions claimed by the DEA as exempt from disclosure under (b)(7)(C), (D) and (F), pending a more complete explanation and justification. The defendant then filed *in camera* a supplemental affidavit of Thomas H. Wingate, dated June 28, 1984.

The Court concludes that that affidavit together with the earlier Wingate affidavit supply detailed and sufficient justification for withholding the redacted portions of the several pages from disclosure to the plaintiff.

### A.

Exemption (b)(7) of the FOIA protects from disclosure "investigatory records compiled for law enforcement purposes" to the extent that one of the several enumerated harms may apply. Under the circumstances the Court makes two initial determinations: first, whether the document is an investigatory record; and second, whether it is a record developed for law enforcement purposes. From a review of the material and the defendant's affidavits the Court finds that the two requirements have been met.

A document under the (b)(7) exemption may be compiled for enforcement of either criminal or civil federal laws. And the government is not required to show that the investigation led to or will lead to en-

forcement or adjudicatory proceedings. To the extent that disclosure of such records would be inappropriate, the statute provides for a number of enumerated harms. In this proceeding the DEA relies upon three such harms, as provided in exemptions (b)(7)(C), (D) and (F).

■ Exemption (b)(7)(C) exempts from disclosure "investigatory records compiled for law enforcement purposes ... to the extent that the production of such records or information would ... constitute an unwarranted invasion of personal privacy." This exemption includes persons who at one time might have been of interest to a law enforcement agency during the course of an investigation as well as third parties whose names appear in the investigatory records.

Exemption (b)(7)(D) is designed to protect the identity and information supplied by confidential sources. Thus it exempts investigatory records when disclosure "would disclose the identity of a confidential source and, in the case of a record compiled by a criminal law enforcement authority in the course of a criminal investigation ... confidential information furnished only by the confidential source."

Exemption (b)(7)(F) is designed to protect the identities of law enforcement sources. It exempts disclosure of investigatory records if disclosure would "endanger the life or physical safety of law enforcement personnel."

## EXEMPTION (b)(7)(C)

■ The June 28 Wingate affidavit identifies several individuals, including law enforcement officers, who are subject to the personal privacy claim under exemption (b)(7)(C). The affidavit recites that information concerning some of the individuals and their alleged association with the plaintiff as drug traffickers could not be corroborated nor could it be established with certainty that the individuals were associated with the plaintiff. Other justifications against disclosure of these individuals were supplied in Wingate's earlier affidavit of January 24, 1984. The identity of several recently retired law enforcement officers

has also been withheld under the same exemption. The Court finds that with the supplemental affidavit, the DEA has justified its reliance on the (b)(7)(C) exemption.

## EXEMPTION (b)(7)(D)

■ The (b)(7)(D) exemption applies when information is supplied in confidence or in trust and continues under such pledge of confidentiality until waived by the source.

Wingate's several affidavits show that such assurances and pledges were given to law enforcement personnel and other individuals when information was supplied. Wingate also states that there is a great potential of harrassment and physical harm and danger should the identities of such personnel be disclosed. The latest affidavit identifies informants, including drug traffickers, allegedly associated with the plaintiff, law enforcement personnel of other jurisdictions who have relied upon informants, and other individuals. Generally, the identity and personal information about these individuals have been redacted. The several affidavits justify the withholding of such information under the (b)(7)(D) exemption because it would identify confidential sources and the information supplied, all of which would otherwise be unavailable to the DEA.

## EXEMPTION (b)(7)(F)

■ Exemption (b)(7)(F) protects investigatory records where disclosure would "endanger the life or physical safety of law enforcement personnel." Here, the law enforcement personnel include DEA supervisory agents and other special DEA agents, as well as local law enforcement officers. Such persons are identified on the several pages of the DEA document. The June 28 *in camera* affidavit identifies each item of the withheld material and is more descriptive and precise as to individuals identified. The actual law enforcement personnel whose identities were withheld are identi-

fied with more particularity. The personnel includes members of the DEA as well as members of law enforcement personnel from other governmental agencies. Several of the personnel identified have in recent years retired and thus the DEA proffers that their present whereabouts and identities because of such recent events are relatively easy to determine. The DEA has justified its reliance on the (b)(7)(F) exemption.

**B.**

■ Early in this proceeding, the plaintiff sought discovery and requested that the DEA designate a representative to be deposed and offer testimony. Such testimony was to cover the area of the reasons for the deletions from the Wingate affidavit and generally the area of the claimed exemptions. Plaintiff's counsel represented that he could not adequately respond to the defendant's motion for summary judgment absent such discovery. Thereafter on March 16, 1984, the plaintiff's counsel designated certain factual issues which in his opinion necessitated the requested discovery.

The Court considered plaintiff's submissions and further, reviewed the deletions in question and the earlier Wingate affidavits. While plaintiff raised a number of possible situations that might have existed, the pleadings failed to show a dispute as to any material fact such as would warrant the plaintiff's discovery request. Over and beyond this the Court has had benefit of the second Wingate affidavit.

On basis of the findings in this memorandum order and on basis of the prior order of June 18, 1984, relating to the (b)(2) exemption, the Court concludes that the defendant's motion for summary judgment should be granted.

Accordingly, judgment is entered for the Drug Enforcement Agency and the complaint of Shearn Moody is dismissed with prejudice.